## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**MICKEY CHESTER**                                              **CIVIL ACTION**

**VERSUS**                                                        **No. 25-1138**

**SUNBELT RENTALS SCAFFOLD**
**SERVICES, LLC**                                                **SECTION I**

### ORDER AND REASONS

Before the Court is a motion[1] to remand filed by plaintiff Mickey Chester ("plaintiff"). Defendant Sunbelt Rentals Scaffold Services, LLC ("defendant"), filed a response in opposition.[2] For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

This lawsuit concerns personal injuries allegedly sustained by plaintiff during the course and scope of his employment with defendant.[3] Plaintiff filed this lawsuit in Louisiana state court.[4] His petition alleges the following injuries and damages: severe back pain, brain injury and neurological damage, pain and suffering, mental anguish, medical expenses, loss of enjoyment of life, potential surgical expenses, loss of earning and earning capacity, loss of future earnings, loss of consortium, loss of affection, and physical disabilities and disfigurement.[5] In accordance with Louisiana law, *see* La. Code Civ. Proc. art. 893, plaintiff's petition does not include a specific monetary demand, but it does aver that plaintiff's damages exceed $50,000.00.[6]

---

[1] R. Doc. No. 7.
[2] R. Doc. No. 9.
[3] *See* R. Doc. No. 1-4.
[4] *See id.*
[5] *Id.* ¶ 15.
[6] *Id.* ¶ 17.

Defendant removed this lawsuit to this Court on the basis of this Court's diversity jurisdiction.[7] Plaintiff then filed the instant motion to remand on the ground that the amount-in-controversy requirement for the purposes of diversity jurisdiction has not been met.[8]

## II. STANDARD OF LAW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove from state court to federal court any civil action over which the federal court has original jurisdiction. This statute "is strictly construed, with doubts resolved in favor of remand." *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 888–89 (5th Cir. 2024). "The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). "To determine whether jurisdiction is present for removal, [courts] consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

When, as here, the defendant removes a civil action on the basis of a federal court's diversity jurisdiction, the defendant must prove that the action is between citizens of different states and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. 1332(a). In general, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *See St. Paul*

---

[7] R. Doc. No. 1, ¶ 5.
[8] R. Doc. No. 7-1, at 3–4. Plaintiff originally urged remand also on the ground that the parties are non-diverse. *See id.* at 2–3. However, in a telephone conference with the Court, plaintiff disclaimed that ground. *See* R. Doc. No. 10.

*Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Some states like Louisiana, however, prohibit plaintiffs from pleading a specific amount of damages. *See* La. Code Civ. Proc. art. 893. "Where, as here, the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *See Manguno*, 276 F.3d at 723; *see also Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

"This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno*, 276 F.3d at 723; *see also Robertson*, 814 F.3d at 240.[9] "The required demonstration concerns what the plaintiff is claiming (and thus the amount in controversy between the parties), not whether the plaintiff is likely to win or be awarded everything he seeks." *Robertson*, 814 F.3d at 240 (citation modified). Even though the removing defendant bears the burden of establishing federal jurisdiction, district courts are permitted "to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim." *See id.*

---

[9] "Summary judgment-type" evidence refers to the forms of evidence that are to be used to support an assertion pursuant to Federal Rule of Civil Procedure 56(c)(1)(A). *Cf. Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015). While such evidence "need not be presented in an admissible form, it must be capable of being presented in a form that would be admissible in evidence." *Hager v. Brinker Texas, Inc.*, 102 F.4th 692, 702 (5th Cir. 2024) (citation modified).

# III. ANALYSIS

Because plaintiff has not made a specific monetary demand in his petition, defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Defendant points to several pieces of information to establish the amount in controversy: the extensive list of plaintiff's injuries and damages in his petition, the medical expenses incurred by plaintiff at the emergency room immediately after the accident, plaintiff's refusal to stipulate that the amount in controversy does not exceed $75,000.00, exclusive of interest and costs and that he will not execute on a judgment in excess of that amount, as well as damage awards for similar injuries in Louisiana.[10]

Altogether, the information presented by defendant satisfies the amount-in-controversy requirement. The type and number of plaintiff's injuries alone—particularly plaintiff's alleged severe back injury and brain injury—give rise to a commonsense inference that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *Cf. Stoval v. Wal-Mart La., L.L.C.*, No. 19-cv-2380, 2019 WL 4316794, at *3 (E.D. La. Sept. 12, 2019) (Feldman, J.) ("Considering the brain injury allegations, the 'common-sense inference' is that the medical expenses and additional suffering and damages claimed likely will exceed $75,000 . . . ."). This inference is substantiated by the evidence cited by defendant. Plaintiff's emergency room visit

---

[10] *See* R. Doc. No. 9, at 3–7. Defendant also estimates plaintiff's lost wages as evidence of the amount in controversy. *Id.* at 6. However, defendant does not cite to any evidence in support of its computation of plaintiff's lost wages. *See id.* For this reason, the Court will not consider that amount in its analysis.

alone amounted to more than $21,000.00.[11] Since then, plaintiff has visited several more doctors and medical centers, including a neurologist.[12] Furthermore, plaintiff has repeatedly complained of headaches, and he has been diagnosed with an array of spinal conditions as well as with a traumatic brain injury.[13]

Defendant cites Louisiana caselaw involving injuries similar to plaintiff's as evidence of the amount of damages at issue.[14] "[C]itation to the damage awards in other similar cases is also persuasive evidence of the amount in controversy." *Kryzhanovskyi v. Cager*, No. 24-cv-1924, 2024 WL 4825351, at *3 (E.D. La. Nov. 19, 2024) (Fallon, J.); *cf. Reese v. Walmart, Inc.*, No. 23-cv-2113, 2023 WL 5697925, at *2 (E.D. La. Sept. 5, 2023) (Morgan, J.) ("The Court finds the cases cited by Defendants provide a sufficient basis to determine that damages for spinal injuries similar to those alleged by Plaintiff . . . more likely than not involve damages totaling over $75,000 on their own.").

With respect to plaintiff's alleged brain injury, defendant cites cases in which plaintiffs with brain injuries were awarded more than $75,000.00.[15] In one case, *Ezzell v. Miranne*, the plaintiff received $100,000.00 just with respect to both past and present pain and suffering. 84 So. 3d 641, 655 (La. Ct. App. 2011). Likewise, defendant cites Louisiana trial-court caselaw in which plaintiffs with back injuries

---

[11] *Id.* at 5.

[12] *See id.*

[13] *See id.*

[14] *Id.* at 6–7.

[15] *Id.*

received more than $75,000.00 in general damages.[16] The Court finds that the cases cited by defendant provide persuasive evidence that the amount-in-controversy requirement is satisfied.

Finally, "[p]laintiff's refusal to stipulate also supports a finding that the amount in controversy requirement is met." *Kryzhanovskyi*, 2024 WL 4825351, at *3. Accordingly, for the reasons stated herein, the Court finds that defendant has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's motion to remand is **DENIED**.

New Orleans, Louisiana, July 31, 2025.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[16] *Id.* at 7.