UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICKEY CHESTER                                                    CIVIL ACTION

VERSUS                                                            No. 25-1138

SUNBELT RENTALS SCAFFOLD
SERVICES, LLC                                                     SECTION I

### ORDER AND REASONS

Before the Court is a motion[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Sunbelt Rentals Scaffold Services, LLC ("defendant"). Plaintiff Mickey Chester ("plaintiff") filed a response in opposition.[2] For the reasons set forth below, the Court grants the motion.

### I. BACKGROUND

This lawsuit concerns personal injuries allegedly sustained by plaintiff during the course and scope of his employment with defendant.[3] Plaintiff's state-court petition alleges the following facts.

In April 2024, plaintiff was assigned to clean a dark heater tank.[4] The tank contained noxious fumes, and it was not equipped with proper ventilation.[5] Furthermore, plaintiff was not provided adequate lighting or ventilation.[6] As plaintiff stepped off the ladder during his descent into the tank, plaintiff's right leg suddenly

---

[1] R. Doc. No. 5.
[2] R. Doc. No. 12.
[3] *See* R. Doc. No. 1-4.
[4] *Id.* ¶ 5.
[5] *Id.*
[6] *Id.*

went through a hole, which was not visible because of inadequate lighting.[7] Thereupon plaintiff lost his balance, fell backwards, and hit his head against the wall of the tank.[8] Plaintiff lost consciousness, and he was unable to breathe properly because of fumes from the dried up chemicals in the tank.[9] As a result of the incident, plaintiff suffers both back and neurological problems.[10]

Plaintiff's petition attributes the incident to the unsafe work practices, unsafe work planning, use of unsafe equipment, and the lack of supervision on the part of defendant.[11] According to the petition, defendant "intentionally violated" the applicable safety standards, statutes, regulations, etc.[12] The petition lists no less than 15 ways in which defendant committed negligent, reckless, or intentional acts.[13]

Most relevant for present purposes, plaintiff's petition asserts that defendant acted intentionally or with substantial certainty that defendant's acts and omissions would result in injury for the purposes of La. R.S. § 23:1032(B).[14] The petition reiterates in several ways its allegation that defendant "had actual knowledge that such an injury was substantially certain to follow from failing to provide adequate lighting and personal protective equipment."[15] It further states that defendant "knew" that operating without proper staffing levels "would with substantial

---

[7] *Id.* ¶ 6.
[8] *Id.*
[9] *Id.* ¶ 7.
[10] *Id.*
[11] *Id.* ¶ 8.
[12] *Id.* ¶ 9.
[13] *See id.* ¶ 14.
[14] *Id.* ¶ 11.
[15] *Id.* ¶ 10.

certainty result in injury."[16] It claims that defendant was "aware" that its failure to comply with applicable safety standards, statutes, and regulations "was substantially certain to cause injury or harm, such as the harm suffered by Plaintiff."[17] Finally, the petition alleges that defendant "knew of the serious risks" that its conduct posed to plaintiff and that "it was only a matter of time before this incident would occur."[18]

In its motion to dismiss, defendant contends that the plaintiff's allegations do not amount to intentional conduct or substantial certainty that injury was to follow from defendant's alleged conduct for the purposes of La. R.S. § 23:1032(B).[19] For that reason, defendant contends that plaintiff is barred from filing this lawsuit against defendant as plaintiff's employer and that his only remedy is workers' compensation.[20]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). While this short and plain statement does not require "detailed factual allegations," it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible

---

[16] *Id.* ¶ 11.
[17] *Id.* ¶ 13.
[18] *Id.* ¶ 16.
[19] *See* R. Doc. No. 5.
[20] R. Doc. No. 5-1, at 6–7.

on its face." *Id.* at 678 (internal quotations and citations omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Culbertson v. Lykos*, 790 F.3d 608, 616 (5th Cir. 2015) (citation and internal quotations omitted).

"[T]he face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the [plaintiff's] claim." *Hi-Tech Elec., Inc. v. T&B Constr. & Elec. Servs.*, No. 15-3034, 2017 WL 615414, at *2 (E.D. La. Feb. 15, 2017) (Vance, J.) (citing *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 255–57 (5th Cir. 2009)). A complaint is insufficient if it contains "only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (citation and internal quotations omitted). The complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation and internal quotations omitted).

When considering a motion to dismiss, a court views the complaint "in the light most favorable to [the] plaintiff, accepting as true all well-pleaded factual allegations and drawing all reasonable inferences in [the] plaintiff's favor." *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). A court must limit its review to "the complaint, any documents attached to the complaint, and any documents attached to the motion

to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)).

### III. ANALYSIS

Pursuant to Louisiana law, "a worker is ordinarily limited to recovering workers' compensation benefits rather than tort damages for work-related injuries." *Harper v. Boise Paper Holdings, L.L.C.*, 575 F. App'x 261, 263 (5th Cir. 2014) (per curiam) (citation omitted).[21] However, La. R.S. § 23:1032(B) "provides an exception to this exclusivity when a worker is injured as a result of an employer's intentional act." *See id.* (citation omitted). In this context, "the term 'intentional' means that the tortfeasor either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result." *Id.* (citation modified). This exception "is to be applied in very strict and limited circumstances." *Cole v. State Dep't of Pub. Safety & Corr.*, 825 So. 2d 1134, 1141 (La. 2002). Accordingly, "the standard for prevailing on a claim of intentional tort under Louisiana law is extremely high." *Hernandez v. Dedicated TCS, L.L.C.*, No. 16-cv-3621, 2017 WL 2876640, at *3 (E.D. La. July 5, 2017) (Morgan, J.).

Although plaintiff alleges that defendant intentionally violated applicable

---

[21] When evaluating issues of Louisiana law, this Court is bound by decisions of the Louisiana Supreme Court and, in the absence of such decisions, must consider the decisions of Louisiana intermediate appellate courts. *See Temple v. McCall*, 720 F.3d 301, 307 (5th Cir. 2013).

safety standards, he does not allege that defendant intended for plaintiff to be injured as a result of his work in the heater tank.[22] Rather, he argues that the § 1032(B) exception applies because defendant "had actual knowledge" that a work-related injury "was substantially certain" because of defendant's intentional violations of safety standards, regulations, and statutes.[23] Accordingly, plaintiff's petition may survive defendant's motion to dismiss only if its factual allegations plausibly show that defendant knew that plaintiff's injuries were substantially certain to occur.

The Louisiana Supreme Court has repeatedly explained that substantial certainty "requires more than a reasonable probability that an injury will occur." *Stanley v. Airgas-Sw., Inc.*, 171 So. 3d 915, 916 (La. 2015) (citation omitted). Indeed, even "a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement." *Id.* (citation omitted). Rather, "'certain' has been defined to mean 'inevitable' or 'incapable of failing.'" *Id.* (citation omitted). "Therefore, for the exception to apply, an employer must have subjected an employee to a hazardous environment in which injury is nearly inevitable or almost certain to result." *Segue v. Walmart Inc.*, No. 21-cv-1467, 2021 WL 5083805, at *3 (E.D. La. Nov. 2, 2021) (Ashe, J.).

"Mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing." *Stanley*, 171 So. 3d at 917 (citation modified). "[K]nowingly permitting a hazardous

---

[22] *See* R. Doc. No. 1-4, ¶¶ 9–10.
[23] *See id.* ¶ 10.

work condition to exist, knowingly ordering the claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work . . . falls short of the kind of actual intention to injure that robs the injury of accidental character." *Walker v. Apple Studios Louisiana, LLC*, No. 23-cv-168, 2024 WL 347893, at *5 (M.D. La. Jan. 30, 2024). Accordingly, "believing that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of an intentional act, but instead falls within the range of negligent acts that are covered by workers' compensation. *Stanley*, 171 So. 3d at 916 (citation modified).

Most relevant for present purposes, "[v]iolations of safety standards or the failure to provide safety equipment are not intentional acts absent proof of either defendants' desire to harm plaintiff or defendants' knowledge that their conduct would inevitably cause injury to plaintiff." *Cole*, 825 So. 2d at 1140. Likewise, a violation of safety regulations does not establish intentionality. *See id.* ("Under such narrow construction, the jurisprudence has held, almost without exception, that violation of a statute alone is not per se such an intentional act." (citation modified)).

In light of the governing caselaw, the Court concludes that plaintiff's petition does not state a claim in accordance with § 23:1032(B). Plaintiff's petition attempts to establish intentionality within the meaning of § 23:1032(B) by alleging that defendant intentionally violated the applicable safety standards and that it knew that, because of such violations, "it was only a matter of time" before injuries such as the injuries that plaintiff allegedly suffered would occur.[24]

---

[24] *Id.* ¶¶ 9, 16.

Even accepting as true plaintiff's allegation that defendant intentionally violated safety standards and provided an unsafe work environment, plaintiff's petition does not state facts attesting to defendant's knowledge beyond conclusory assertions that defendant had "actual knowledge" of the risks posed by its violations of safety standards.[25] Plaintiff's "formulaic pleading of the words or phrases 'intentional,' 'intentionally,' 'intentional acts,' [and] 'substantially certain,' . . . does not transform any set of facts into an intentional tort and does not provide protection against a well-founded motion to dismiss." *See Segue*, 2021 WL 5083805, at *3 (citation modified); *cf. Hernandez*, 2017 WL 2876640, at *4 ("Although the Stack Plaintiffs do allege that DTCS 'knew that the subject incident was substantially certain to follow from its conduct,' the court finds that this allegation is insufficient for the Court to draw the reasonable inference that Armond Stack's death was inevitable, virtually sure, and incapable of failing to occur as a result of DTCS' action[ ] or actions."); *Williams v. Fresenius USA Mfg., Inc.*, No. 09-cv-5832, 2009 WL 10679751, at *4 (E.D. La. Oct. 15, 2009) (Barbier, J.) ("Plaintiff is attempting to change allegations of gross negligence into colorable claims of true intentional torts. Her use of the phrase 'substantially certain' in the complaint does not transform these random sets of facts into an intentional act." (citation modified)).

The only allegations in plaintiff's complaint that could support plaintiff's allegation that defendant had actual knowledge that an injury such as plaintiff's would inevitably occur are plaintiff's assertions that defendant intentionally violated

---

[25] *Id.* ¶ 10.

8

safety standards and provided an unsafe work environment. As previously stated, Louisiana law is clear that such actions do not suffice to establish intentionality within the meaning of § 23:1032(B). *See Cole*, 825 So. 2d at 1140; *Walker*, 2024 WL 347893, at *5. Because "[n]one of these allegations has been recognized by Louisiana courts to fit within the [§ 23:1032(B)] exception, plaintiff's allegations "assert, at most, a claim for gross negligence." *See Segue*, 2021 WL 5083805, at *3; *cf. Hernandez*, 2017 WL 2876640, at *4 (concluding that the plaintiffs' amended complaint did not state a claim in accordance with § 23:1032(B), despite its allegations that the defendant knew of the risks posed by its repeated OSHA violations, because the amended complaint "include[d] allegations of the kind Louisiana courts have found to be insufficient to establish intentional tort liability").

Finally, among the ways in which defendant allegedly provided a hazardous work environment, plaintiff pleads that defendant failed to adequately train employees and contractors.[26] An employer's specific failure to adequately train employees does not amount to an intentional act pursuant to Louisiana law. *See Segue*, 2021 WL 5083805, at *3.

Consequently, plaintiff has failed to state a claim in accordance with § 23:1032(B). Because plaintiff has not requested—expressly or otherwise—leave to amend his complaint, the Court will dismiss his complaint with prejudice. *Cf. Martin v. Hutson*, No. 23-cv-5113, 2024 WL 3011014, at *6 (E.D. La. June 14, 2024) (Vance, J.) ("Plaintiff has not requested leave to amend the complaint. Accordingly, plaintiff's

---

[26] *Id.* ¶ 14.

claims must be dismissed without leave to amend."), *aff'd*, No. 24-30451, 2025 WL 1432699 (5th Cir. May 19, 2025).

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED**, and plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, August 6, 2025.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**